**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, | Case No.: 14-CV-03218-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS |
| NATIONSTAR MORTGAGE LLC; JAY BRAY, and individual; HAROLD LEWIS, an individual; STACEY ROBERSON, an individual; JOHN D. DUNCAN, an individual; CLEAR RECON CORP.; RECONTRUST CO., N.A; U.S. BANK NATIONAL ASSOCIATION; GREENPOINT MORTGAGE FUNDING; CALIFORNIA RECONVEYANCE CO.; MARIN RECONVEYANCING CORP.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

Plaintiff Fareed Sepehry-Fard ("Plaintiff") brings this action against defendants Nationstar Mortgage LLC ("Nationstar"); Clear Recon Corp. ("Clear Recon"); ReconTrust Co. ("ReconTrust"); U.S. Bank National Association ("U.S. Bank"); GreenPoint Mortgage Funding ("GreenPoint"); California Reconveyance Co. ("California Reconveyance"); Marin Reconveyancing Corp. ("Marin Reconveyancing"); Mortgage Electronic Registration Corp. ("MERS"); Harold Lewis; Stacey Roberson; Jay Bray; and John D. Duncan (collectively,

**United States District Court**
For the Northern District of California

"Defendants"). Before the Court is Defendants' various motions to dismiss Plaintiff's Complaint, as well as Plaintiff's motion for sanctions. The Court, having considered the record in this case, the applicable law, and the parties' briefs, GRANTS all Defendants' motions to dismiss without leave to amend and DENIES Plaintiff's motion for sanctions, for the reasons stated below.

# I.     BACKGROUND

## A.     Factual Background

### 1.     Plaintiff's Purchase and Refinancing of the Saratoga Property

The following information can be gleaned from documents submitted in conjunction with various requests for judicial notice. On April 6, 1998, Plaintiff purchased the real property located at 12309 Saratoga Creek Drive in Saratoga, California with a single loan of $616,000. ECF No. 11-1. According to Defendants, Plaintiff refinanced the loan on his home several times. ECF No. 7, at 2.  Of particular relevance to this lawsuit, on January 10, 2007, Plaintiff borrowed the sum of $1.3 million against the subject property, with GreenPoint acting as the lender, Marin Conveyancing acting as trustee, and MERS acting as the nominee for GreenPoint. ECF No. 11-2. According to the deed of trust executed to secure the loan, MERS, acting as the lender's nominee, could exercise all rights held by the lender. *Id*. at 3. The deed of trust also provided that the lender could sell Plaintiff's promissory note at any time without notice to Plaintiff. *Id*. at 11-12. In addition, the deed of trust specified that the lender could at any time substitute a new trustee. *Id*. at 13.

Also on January 10, 2007, Plaintiff executed a deed of trust to secure a $300,000 home equity line of credit ("HELOC"), with GreenPoint again acting as the lender, Marin Conveyancing acting as trustee, and MERS acting as the nominee for GreenPoint. ECF No. 11-3. The deed of trust executed for the HELOC also contained provisions permitting the lender to sell Plaintiff's promissory note or substitute a new trustee. *Id*. at 10-11.

According to Defendants, Plaintiff subsequently defaulted on his loan obligations. *See* ECF No. 7, at 2. On May 22, 2013 MERS assigned the deed of trust in connection with the $1.3 million loan to Nationstar. ECF No. 12-4. On November 15, 2013, Nationstar executed a substitution of trustee, making Clear Recon the trustee. *See* ECF No. 3-10.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

### 2.    Plaintiff's State Court Litigation in Connection with the Property

On September 23, 2011, Plaintiff filed a lawsuit in Santa Clara Superior Court, naming as defendants Aurora Bank FSB, GreenPoint,[1] Bank of America, and U.S. Bank. *See* ECF No. 11-6; *Fareed Sepehry-Fard v. Aurora Bank FSB et al.*, Case No. 111CV209804. Plaintiff's complaint disputed whether the defendants validly owned or transferred the mortgage loans in connection with the subject property. *Id*. at 2-3. The defendants demurrered to Plaintiff's complaint, and the Superior Court granted the demurrer without leave to amend on October 16, 2012. *See* ECF No. 11-7. In so doing, the Superior Court held that to the extent Plaintiff was challenging defendants' right to foreclose on his property, "there is no authority providing that a homeowner may seek a determination as to whether the party initiating foreclosure has the authority to do so." *Id*. at 3. The Superior Court also rejected Plaintiff's contention that defendants are required to provide a "proof of claim" upon foreclosure, as well as Plaintiff's contention that Plaintiff's signature on the deed of trust was forged. *Id*. The Superior Court entered judgment for defendants on October 16, 2012. ECF No. 11-8. According to Defendants in this lawsuit, Plaintiff's state case is currently on appeal. ECF No. 7, at 3.

### 3.    Plaintiff's First Federal Lawsuit in Connection with the Property

On February 22, 2012—while Plaintiff's suit in Santa Clara Superior Court was still pending—Plaintiff filed a complaint Before Judge Davila in this District. ECF No. 11-9; *Fareed Sepehry-Fard v. Aurora Bank et al.*, No. 12-CV-00871 EJD ("*Sepehry-Fard I*"). Plaintiff named as defendants in *Sepehry-Fard I* GreenPoint and U.S. Bank, as well as Aurora Bank FSB, Bank of America, Severson & Werson, and an individual named Frank J. Kim. *Id*. Plaintiff filed an amended complaint on October 1, 2012, alleging that defendants had no ownership interest in the mortgage loans Plaintiff took out against the subject property, and therefore were not "entitl[ed] . . . to collect payment or declare default." ECF No. 11-10, at 5.  Plaintiff further alleged that Plaintiff's loans were improperly securitized. *Id*. at 34 (alleging defendants' "*entire securitization chain is a*

---

[1] According to the Superior Court's subsequent order granting the defendants' demurrer in this case, Defendant erroneously sued GreenPoint as "GPM Heloc." ECF No. 11-7, at 2.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

*scam* supporting a *Ponzi scheme*") (emphasis in original). Plaintiff also raised claims under 42 U.S.C. §§ 1983 and 1985. *See id.*

On January 29, 2013, Judge Davila dismissed *Sepehry-Fard I* with prejudice. *See* ECF No. 11-11. Judge Davila found that Plaintiff's allegation that defendants had no ownership interest in Plaintiff's mortgage loans stated a claim that defendants could not foreclose on the subject property without producing the property's promissory note. *Id.* at 5. Judge Davila then went on to state that there was no cognizable legal claim that "the foreclosure process is invalid if the trustee does not possess the original promissory note." *Id.* According to Judge Davila, California Civil Code § 2924 and its related statutes "establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note." *Id.* Judge Davila also noted that "district courts in California have consistently rejected the contention that the foreclosure process is invalid if the trustee does not possess the original promissory note." *Id.* (citing cases).

As to Plaintiff's claim that his loan was improperly securitized, Judge Davila found that Plaintiff lacked standing to assert a claim for improper securitization. *Id.* at 5-6. Judge Davila also found that Plaintiff was not a party or a beneficiary to any securitization agreement, and that other courts had consistently "rejected a general theory based on securitization for failure to state a claim." *Id.* at 5-6 (collecting and citing cases). Finally, Judge Davila dismissed Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 on the grounds that none of the defendants were state actors. *Id.* at 8.

### 4.    Plaintiff's Second Federal Lawsuit in Connection with the Property

On October 1, 2013, approximately eight months after the disposition of *Sepehry-Fard I*, Plaintiff filed another complaint again before Judge Davila in this District. ECF No. 12-5; *Fareed Sepehry-Fard v. GreenPoint et al.*, 13-CV-04535 ("*Sepehry-Fard II*"). Plaintiff named as defendants GreenPoint, ReconTrust, U.S. Bank, California Reconveyance, Marin Conveyancing, MERS, and Does 1 through 50. *Id.* at 1. Again, Plaintiff asserted that defendants lacked authority to foreclose on his property, and demanded that defendants produced "valid enforceable proof of

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

claim." *Id*. at 12. Plaintiff also appeared to allege that his loans were improperly securitized and therefore were void. *Id*. at 11. On March 31, 2014, Judge Davila issued an order to show cause as to why the complaint should not be dismissed for lack of jurisdiction. ECF No. 12-6. Judge Davila noted that Plaintiff asserted one cause of action for quiet title under California law. *Id*. Judge Davila further noted that although Plaintiff raised a claim under the Fair Debt Collections Practices Act (15 U.S.C. § 1692 *et seq*.), Plaintiff failed to allege any facts to support this cause of action. *Id*. at 2-3. Judge Davila also stated that Plaintiff's claim under the Declaratory Judgment Act (28 U.S.C. § 2201) did not provide an independent basis of federal jurisdiction. *Id*. at 3. Judge Davila further found that because Plaintiff was a California resident, and because Plaintiff had sued at least two other California residents (California Reconveyance and Marin Conveyancing), Plaintiff had destroyed diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. at 3-4.

Plaintiff filed a reply to the order to show cause on April 7, 2014. ECF No. 12-7. On April 8, 2014, Judge Davila dismissed Plaintiff's complaint for lack of jurisdiction. ECF No. 12-8. Judge Davila noted that Plaintiff, in his response, attempted only to insert new allegations and theories not in his original complaint. *Id*. at 1-2.

Plaintiff subsequently filed a motion for leave to file a first amended complaint, which spanned approximately 210 pages. *See* ECF No. 12-9, 12-10, & 12-11. Plaintiff also filed a motion for reconsideration, ECF No. 12-14, which Judge Davila denied, ECF No. 12-16. On July 1, 2014, Plaintiff appealed the order dismissing his case to the Ninth Circuit Court of Appeals. ECF No. 12-17. Plaintiff's appeal is currently pending. ECF No. 8, at 5. In addition, on August 4, 2014, California Reconveyance filed an administrative motion asking Judge Davila to relate *Sepehry-Fard II* to the instant case. Case No. 13-CV-04535, ECF No. 154. Judge Davila denied the motion on August 19, 2014. ECF No. 162.

### B.     Procedural History

On July 16, 2014—approximately two weeks after Plaintiff filed his appeal with the Ninth Circuit in *Sepehry-Fard II*—Plaintiff filed the instant lawsuit before this Court. In his Complaint, Plaintiff alleges twenty-four causes of action constituting negligent misrepresentation; unfair

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

*United States District Court*
For the Northern District of California

1    business practices; violations of the Fair Debt Collection Practices Act; violations of the

2    Racketeering Influenced and Corrupt Organizations Act ("RICO"); violations of 18 U.S.C. §§ 1981

3    and 1982; claims for accounting; violations of the Truth in Lending Act; violations of the Real

4    Estate Settlement Procedures Act; quiet title; wrongful foreclosure; breach of express and implied

5    agreement; malicious and unlawful conduct; mail fraud; unjust enrichment; and securities fraud.

6    Compl. ¶¶ 193-298. Plaintiff requests attorney's fees, at least $12 million in damages, and

7    declaratory relief. *Id.* ¶¶ 61, 156, 293.

8         On August 8, 2014, various defendants filed three separate motions to dismiss Plaintiff's

9    complaint. *See* ECF No. 7 (motion to dismiss filed by Nationstar, U.S. Bank, ReconTrust, and

10   MERS); ECF No. 8 (motion to dismiss filed by California Reconveyance); ECF No. 9 (motion to

11   dismiss filed by Bray, Lewis, Roberson, and Duncan); ECF No. 10 (motion to dismiss filed by

12   GreenPoint and Marin Reconveyancing). Nationstar, U.S. Bank, ReconTrust, and MERS also filed

13   a request for judicial notice of various documents. ECF No. 11. California Reconveyance also filed

14   a request for judicial notice. ECF No. 12. On August 22, 2014, Plaintiff filed a consolidated

15   opposition to the four motions to dismiss, as well as a request for judicial notice. ECF Nos. 29 &

16   30. The defendants that had filed motions to dismiss subsequently filed replies on August 29, 2014.

17   *See* ECF Nos. 33, 34, 35 & 36,

18        On September 9, 2014, Plaintiff filed a motion for sanctions against all Defendants. ECF

19   No. 45. On September 23, 2014, California Reconveyance filed an opposition to the motion for

20   sanctions, ECF No. 49, as did Nationstar, U.S. Bank, ReconTrust, MERS, Bray, Roberson, and

21   Lewis, ECF No. 52. Plaintiff filed a reply on September 26, 2014. ECF No. 60.

22        On September 25, 2014, Clear Recon and Duncan filed a motion to dismiss. ECF No. 58.

23   Clear Recon and Duncan also filed a request for judicial notice. ECF No. 57. Plaintiff filed an

24   opposition, which Plaintiff entitled "Objections to Defendants Clear Recon Corp's and John D.

25   Duncan's Motion to Dismiss Plaintiff's Verified Complaint," on October 9, 2014, as well as a

26   request for judicial notice. ECF Nos. 63 & 64. Clear Recon and Duncan filed a reply on October

27   21, 2014. ECF No. 65.

28

6

**United States District Court**
For the Northern District of California

1   On December 2, 2014, this Court ordered supplemental briefing from Plaintiff and Clear

2   Recon on the issue of whether the doctrine of *res judicata* barred Plaintiff's claims against Clear

3   Recon. ECF No. 101. On December 8, 2014, both Clear Recon and Plaintiff timely filed court-

4   ordered supplemental briefs on this issue. *See* ECF Nos. 105 & 106.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must "plead enough facts

to state a claim that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

"[A] formulaic recitation of the elements of a cause of action will not do." *Id.* A court must

determine whether the facts in a complaint "plausibly give rise to an entitlement of relief." *Ashcroft

v. Iqbal*, 556 U.S.662, 678 (2009). For purposes of ruling on a Rule 12(b)(6) motion, the Court

"accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

1025, 1031 (9th Cir. 2008). "[A] court may generally consider only allegations contained in the

pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In addition, a court need not accept as

true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted

deductions of fact in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th

Cir.1994). Furthermore, "[a]lthough a pro se litigant . . . may be entitled to great leeway when the

court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in

providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States

Dep't of Navy*, 66 F.3d 193, 199 (9th Cir.1995).

Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot

be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). If

amendment would be futile, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d

386, 393 (9th Cir. 1996).

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

### B. Motion for Sanctions Pursuant to Rule 11

Federal Rule of Civil Procedure 11(c) permits the imposition of any "appropriate sanction" on any attorney or party that makes a pleading, written motion, or other filing for, *inter alia*, any improper purpose. Fed. R. Civ. P. 11(c). "The central purpose of Rule 11 is to deter baseless filings ... [and] Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for some improper purpose." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (internal quotation marks omitted). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1).

## III.  DISCUSSION

### A. Requests for Judicial Notice

The Court first addresses the parties' various requests for judicial notice. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Records filed with a county recorder are also judicially noticeable as undisputed public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

First, Nationstar, U.S. Bank, ReconTrust, and MERS request judicial notice of various documents. *See* ECF No. 11. The Court GRANTS this request for judicial notice as to ECF Nos.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

**United States District Court**
For the Northern District of California

11-1, 11-2, 11-3, and 11-5, as these are documents filed with the Santa Clara County Recorder's Office, and the type of documents of which courts routinely take judicial notice. *See, e.g.*, *Disabled Rights*, 375 F.3d at 866 n.1; *Liebelt v. Quality Loan Serv. Corp.*, No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of trustee's deed upon sale); *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking notice of publicly-recorded documents related to foreclosure). The Court also GRANTS the request for judicial notice as to ECF Nos. 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, 11-11, and 11-12, as these are filings in related state and federal court proceedings. *See Black*, 482 F.3d at 1041. However, the Court DENIES the request for judicial notice as to ECF No. 11-4, as this is merely a copy of defendant's request for judicial notice that appears to have been filed in error.[2]

Second, defendant California Reconveyance requests judicial notice of various documents filed in connection with its motion to dismiss. ECF No. 12. The Court GRANTS California Reconveyance's request for judicial notice as to ECF Nos. 12-1, 12-2, 12-3, and 12-4, as these are documents filed with the Santa Clara County Recorder's Office. *See Disabled Rights*, 375 F.3d at 866 n.1. The Court also GRANTS California Reconveyance's request for judicial notice as to the remaining 14 documents subject to its request for judicial notice, which consist of filings in related state and federal court proceedings. *See Black*, 482 F.3d at 1041.

Third, defendants Clear Recon and Duncan request judicial notice of various documents filed in conjunction with their motion to dismiss. *See* ECF No. 57. Most, if not all, of these documents are ones encompassed in the two other requests for judicial notice filed by the other defendants. The Court GRANTS Clear Recon's and Duncan's request for judicial notice as to ECF Nos. 57-1, 57-2, 57-3, 57-4, 57-6, and 57-8, as these are documents filed with the Santa Clara County Recorder's Office. *See Disabled Rights*, 375 F.3d at 866 n.1. The Court also GRANTS

---

[2] In their request for judicial notice, the defendants state that ECF No. 11-4 is a copy of the assignment of a deed of trust recorded by the Santa Clara County Recorder's Office on June 4, 2013, document number 22247184. ECF No. 11, at 1.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

1 Clear Recon and Duncan's request for judicial notice as to ECF Nos. 57-5 and 57-7, as these are

2 filings made in a related federal case.[3] *See Black*, 482 F.3d at 1041.

3 Plaintiff has filed two requests for judicial notice. *See* ECF Nos. 30 & 64. As a preliminary

4 matter, the Court notes that Plaintiff requests judicial notice of individual documents that combine

5 matters that are appropriate for judicial notice, such as filings with the Santa Clara County

6 Recorder's Office, with matters that are not appropriate for judicial notice, such as private

7 correspondence. The latter are not proper subjects of judicial notice, as these documents do not

8 contain matters which are "generally known within the trial court's territorial jurisdiction" or "can

9 be accurately and readily determined from sources whose accuracy cannot reasonably be

10 questioned." Fed. R. Evid. 201(b).

11 Therefore, the Court GRANTS Plaintiff's request for judicial notice as to ECF No. 30-1

12 only insofar as this document consists of Plaintiff's Rule 45 subpoena to produce documents issued

13 to Nationstar in this case, which was signed by the Clerk of the Court. The Court otherwise

14 DENIES Plaintiff's request for judicial notice as to ECF No. 30-1, as the remainder of this

15 document consists of Plaintiff's private correspondence. Similarly, the Court GRANTS Plaintiff's

16 request as to ECF No. 30-3 only insofar as this document contains records filed with the Santa

17 Clara County Recorder's Office. The Court otherwise DENIES Plaintiff's request for judicial

18 notice as to ECF No. 30-3, as the remainder of this document consists of Plaintiff's private

19 correspondence. The Court GRANTS Plaintiff's request for judicial notice of ECF No. 30-9, as this

20 document consists of filings made with this Court, as well as responses to subpoenas for documents

21 by Nationstar, GreenPoint, and Marin Conveyancing in this case. *See Harris v. Stonecrest Care*

22

23

24 [3] On October 9, 2014, Plaintiff filed an objection to Clear Recon and Duncan's request for judicial
notice, which repeats much of the allegations in Plaintiff's Complaint. *See* ECF No. 62. Plaintiff
25 also argues that all the documents at issue filed with the Santa Clara County Recorder's office are
unauthentic or forged. *Id.* at 3-4. Plaintiff's arguments are unpersuasive. Public records, including
26 records filed with a county recorder, are the proper subject of judicial notice. *See Disabled Rights
Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Moreover, Plaintiff
27 provides no support for his claim that any documents are unauthentic or forged, other than
Plaintiff's own conclusory statements.

28

10

**United States District Court**
For the Northern District of California

1   *Auto Ctr., LLC*, 559 F. Supp. 2d 1088, 1089 (S.D. Cal. 2008) (granting request for judicial notice

2   of, among other things, discovery responses made in the case).

3       The Court DENIES the remainder of Plaintiff's first request for judicial notice. *See* ECF

4   No. 30. Five of these remaining documents are private correspondence between Plaintiff and

5   certain defendants. *See* ECF Nos. 30-2, 30-5, 30-6, 30-7 & 30-8. Another document is a brochure

6   from a private bank. *See* ECF No. 30-4. These documents do not contain matters which are

7   "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily

8   determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

9       As to Plaintiff's second request for judicial notice, *see* ECF No. 64, the Court GRANTS

10  Plaintiff's request for judicial notice as to Exhibits 2 through 6. These are documents filed with the

11  Santa Clara County Recorder's Office, and therefore appropriate subjects for judicial notice. *See*

12  *Disabled Rights*, 375 F.3d at 866 n.1. The Court DENIES Plaintiff's request for judicial notice as

13  to Exhibits 1 and Exhibits 7 through 9. Exhibit 1 is a copy of a contract between MERS and a third

14  party. ECF No. 64, at 6-9. Exhibits 7 and 9 are private correspondence between the Plaintiff and

15  certain third parties. ECF No. 64, at 20-24, 47-58. Exhibit 8 is a report prepared by a third-party.

16  ECF No. 64, at 25-46. None of these documents are appropriate subjects for judicial notice. *See*

17  Fed. R. Evid. 201(b).

18      **B.      Defendants' Motions to Dismiss**

19      Defendants assert numerous grounds for the dismissal of Plaintiff's claims. Defendants

20  Nationstar, U.S. Bank, ReconTrust, and MERS contend that Plaintiff's claims are barred by the

21  doctrine of *res judicata* after the disposition of *Sepehry-Fard I*, or in the alternative that Plaintiff's

22  claims are legally deficient and unsupported by judicially noticeable facts. *See* ECF No. 7.

23  Defendant California Reconveyance argues that this Court lacks subject matter jurisdiction over

24  this case because Plaintiff's second federal lawsuit, *Sepehry-Fard II*, has been appealed to the

25  Ninth Circuit Court of Appeals. *See* ECF No. 8. In the alternative, California Reconveyance argues

26  that Plaintiff's claim is barred by the doctrine of collateral estoppel. *Id.* California Reconveyance

27  also argues that Plaintiff's lawsuit should be dismissed because it is duplicative, that Plaintiff has

28

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

**United States District Court**
For the Northern District of California

failed to establish subject matter jurisdiction, or in the alternative, that Plaintiff fails to state a claim upon which relief could be granted. *Id*. Individual defendants Bray, Lewis, Roberson, and Duncan have filed a motion to dismiss for failure to state a claim and lack of personal jurisdiction, and also seek to join the motion to dismiss filed by Nationstar, U.S. Bank, ReconTrust, and MERS. *See* ECF No. 9. Defendants GreenPoint and Marin Conveyancing have argued that the doctrine of *res judicata* bars the present suit, and also seek to join the motion to dismiss filed by Nationstar, U.S. Bank, ReconTrust, and MERS. *See* ECF No. 10. Defendant Clear Recon, joined by individual defendant Duncan, claim that the Court lacks personal jurisdiction over Duncan because Plaintiff never properly served Duncan; that any claim against Clear Recon is barred by state statutory privilege; that Plaintiff's claim under the Truth in Lending Act is barred; and that Plaintiff's Complaint fails to state a claim. *See* ECF No. 58. In its court-ordered supplemental brief, Clear Recon also argues that the disposition of *Sepehry-Fard I* bars the instant lawsuit under the doctrine of *res judicata*.

As discussed more fully below, the Court rejects California Reconveyance's argument that subject matter jurisdiction over the instant lawsuit has vested exclusively in the Ninth Circuit. However, the Court also finds that Plaintiff fails to establish personal jurisdiction over defendants Bray, Lewis, Roberson, and Duncan; that Plaintiff's claims against certain defendants are barred by the doctrine of *res judicata*; and that Plaintiff otherwise fails to state a claim showing Plaintiff is entitled to relief. Accordingly, the Court need not discuss Defendants' numerous arguments in the alternative.

### 1.   Effect of Pending Appeal on Subject Matter Jurisdiction

As a preliminary matter, the Court addresses California Reconveyance's argument that this Court lacks subject matter jurisdiction over the instant lawsuit because jurisdiction in another lawsuit has passed to the Ninth Circuit. In its motion to dismiss, California Reconveyance argues that *Sepehry-Fard II*, which according to California Reconveyance "arises out of the same operative facts" as the instant lawsuit, is currently on appeal before the Ninth Circuit. ECF No. 8, at 6. Therefore California Reconveyance argues that subject matter jurisdiction over *this* lawsuit,

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

"which is premised on allegations pertaining to the *same Subject Property* and the *same Subject Loans*," has likewise passed to the Ninth Circuit. *Id.* (emphasis in original).

It is generally true that "[w]hen a judgment is appealed, jurisdiction over the case passes to the appellate court." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Intern. Typographical Union*, 686 F.2d 731, 734 (9th Cit. 1982). However, this rule appears to only divest jurisdiction over the specific case in which judgment was entered. *See Sumida v. Yumen*, 409 F.2d 654, 656-57 (9th Cir. 1969) ("A properly filed notice of appeal vests jurisdiction of the matter in the court of appeal; the district court thereafter had no power to *modify its judgment in the case or proceed further . . . .*") (emphasis added). "The rationale for this general rule is that it avoids 'the confusion and waste of time that might flow from putting the same issues before two courts at the same time.'" *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (quoting *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir.1988)).

The Court is not persuaded that Plaintiff's appeal of Judge Davila's order in *Sepehry-Fard II* divested this Court of subject matter jurisdiction in the instant lawsuit, which is a separate case. California Reconveyance cites no authority—and this Court located none—which states that the filing of a notice of appeal divests *any* district court of subject matter jurisdiction over a separate case. Moreover, the Ninth Circuit has recognized that in a situation where judgment is entered against a party, that party files a notice of appeal, and then initiates another lawsuit which arises out of the same operative facts, that second case may be dismissed on the grounds of *res judicata*, not for lack of subject matter jurisdiction. *See, e.g.*, *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of *res judicata*"); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("a district court judgment is 'final' for purposes of *res judicata* . . . even during the pendency of an appeal") (internal quotation marks omitted); *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) ("The established rule in the federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal . . . .") (internal quotation marks omitted).

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

1    Accordingly, the Court DENIES California Reconveyance's motion to dismiss on the

2    grounds that subject matter jurisdiction over the instant lawsuit has vested exclusively in the Ninth

3    Circuit.

4                    **2.       Motion to Dismiss for Lack of Personal Jurisdiction**

5    Individual defendants Bray, Lewis, Roberson, and Duncan move to dismiss the instant

6    lawsuit on the grounds that this Court does not have personal jurisdiction over them. ECF No. 9, at

7    6-8. Bray, Lewis, Roberson, and Duncan are employees of defendant Nationstar. ECF No. 7, at 5

8    (identifying the individual defendants as employees of Nationstar). However, Bray, Lewis,

9    Roberson, and Duncan contend that they are residents of Texas, where they work and are

10   domiciled. *Id.*

11   Where no applicable federal statute governs personal jurisdiction, the court applies the law

12   of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141

13   F.3d 1316, 1320 (9th Cir. 1998). "Because California's long-arm jurisdictional statute is

14   coextensive with federal due process requirements, the jurisdictional analyses under state law and

15   federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-

16   01 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant, that

17   defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of

18   jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801

19   (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

20   Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction.

21   General jurisdiction exists when a nonresident defendant is domiciled in the forum state or his

22   activities in the forum are "substantial" or "continuous and systematic." *Panavision*, 141 F.3d at

23   1320 (internal quotation marks omitted). When the nonresident defendant's contacts with the

24   forum are insufficiently pervasive to subject him to general personal jurisdiction, the court must

25   ask whether the "nature and quality" of his contacts are sufficient to exercise specific personal

26   jurisdiction over him. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir.

27   1977). To determine whether a defendant's contacts with the forum state are sufficient to establish

28

14

**United States District Court**
For the Northern District of California

specific jurisdiction, the Ninth Circuit employs a three-part test: (1) whether the non-resident defendant purposefully directed his activities toward the forum state or a resident thereof, or purposefully availed himself of the privilege of conducting activities in the forum; (2) whether the claim is one which arises out of or relates to the defendant's forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. Where, as here, a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Id.* at 800.

Here, Plaintiff alleges *no* facts showing why this Court has personal jurisdiction over defendants Bray, Lewis, Roberson, and Duncan. Indeed, in his Complaint, Plaintiff acknowledges that Bray, Lewis, Roberson, and Duncan are "under the jurisdiction of the state of Texas." Compl. ¶¶ 35, 37, 39, 41. Plaintiff does not otherwise allege how or why these defendants should be subject to personal jurisdiction in California. Plaintiff's opposition to these defendants' motion to dismiss similarly fails to shed any light on this issue. The only detail Plaintiff offers is that Roberson's signature appears on a document filed in the Santa Clara County Recorder's office. *See, e.g.*, Compl. ¶¶ 135-36. But Plaintiff offers no reason why the fact that Roberson's signature appears on a document in the County Recorder's Office would subject her to personal jurisdiction in California. In addition, the fact that Nationstar, the individual defendant's employer, may be subject to personal jurisdiction in California does not establish personal jurisdiction over Nationstar's employees. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (stating that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him."). To the contrary, "[e]ach defendant's contacts with the forum state must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). Plaintiff must allege sufficient facts to establish personal jurisdiction over the individual defendants, and Plaintiff has simply failed to do so.

For these reasons, individual defendants Bray, Lewis, Roberson, and Duncan are correct that Plaintiff does not show they are subject to personal jurisdiction in California. However, as

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

discussed more fully below, the Court also finds that Plaintiff's claims against Bray, Lewis, Roberson, and Duncan are barred by the doctrine of *res judicata*.

### 3.    Preclusive Effect of Res Judicata

In the instant case, defendants Nationstar, Clear Recon, U.S. Bank, ReconTrust, Marin Conveyancing, GreenPoint, MERS, Bray, Lewis, Roberson, and Duncan contend that the claims raised in this lawsuit are barred because they were raised or could have been raised in *Sepehry-Fard I*.[4] In general, "[r]es judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) (emphasis omitted). To determine the *res judicata* effect of *Sepehry-Fard I* on the instant lawsuit, the court looks to whether "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The Court will address each factor in turn.

### a)    Identity of Claims

To determine whether there is an identity of claims, courts in the Ninth Circuit apply four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 1150 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). The fourth criterion is the most important. *Id.* Accordingly, the Court addresses this factor first.

### (1)    Same Transactional Nucleus of Facts

"Identity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (internal quotation marks omitted). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could

---

[4] Of all the defendants in this lawsuit, only California Reconveyance does not move to dismiss Plaintiff's Complaint on the grounds of the *res judicata* effect of *Sepehry-Fard I. See* ECF No. 8.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

conveniently be tried together." *Int'l Union of Operating Engineers-Employers Constr. Industry Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a *res judicat*a finding if the claims could have been brought in the earlier action." *Tahoe-Sierra*, 322 F.3d at 1078.

Here, the Court finds that the vast majority of the claims in Plaintiff's instant lawsuit arise from the same transactional nucleus of facts as *Sepehry-Fard I*. *Sepehry-Fard I* stemmed from a dispute over defendants' authority to foreclose on the subject property and enforce Plaintiff's $1.3 million mortgage and $300,000 HELOC. *See* ECF No. 11-10. Plaintiff's claims in *Sepehry-Fard I* stemmed from two sets of alleged facts: (1) that defendants could not enforce the terms of Plaintiff's mortgages because they did not possess the original promissory note; and (2) that Plaintiff's loans were improperly securitized, and therefore invalid. *See* ECF No. 11-11, at 5-7.

Here, nearly every single one of Plaintiff's allegations is premised on one of these two sets of alleged facts that Plaintiff raised in *Sepehry-Fard I*. Indeed, nearly all of the allegations in the instant lawsuit stem from Plaintiff's claim that Defendants cannot enforce the terms of Plaintiff's mortgages because Defendants do not own Plaintiff's debt or possess the promissory note to the property. For example, Plaintiff's first cause of action for negligent misrepresentation is based on Plaintiff's claim that Defendants made "improper demands for payment to Plaintiff and unlawfully clouding the title to Plaintiff's real property . . . even though no payment[] was due to any of the Defendants." Compl. ¶ 194. Plaintiff's second cause of action for unfair business practices originates in Plaintiff's claim that "there was not and is not any debt owed by Plaintiff to Defendants." Compl. ¶ 199. Plaintiff's fourth through eighth causes of action for civil RICO are based on the allegation that there are no documents that "prove[d] alleged Defendants are damaged parties, parties of interest and holder in due course" *See id*. ¶ 226; *see also id*. ¶ 212 (alleging that "Defendants are holding Plaintiff liable to a contract where Plaintiff was an undisclosed third party which was not subscribed to or memorialized by the Plaintiff."). Plaintiff's ninth and tenth causes of action, brought pursuant to 42 U.S.C. §§ 1981 and 1982, as well as Plaintiff's eleventh cause of

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

action for accounting, are based on Plaintiff's claim that "Defendants maliciously and unlawfully cloud[ed] the title to Plaintiff's real property" based on "an unsubstantiated debt." *Id.* ¶ 232; *see also id.* ¶ 242 (alleging that Defendants "were "unlawfully collecting from Plaintiff on an unsubstantiated debt"). Plaintiff's twelfth cause of action for violations of the Truth in Lending Act is drawn from Plaintiff's contention that "Defendants falsely and fraudulently demanded Payment from Plaintiff when no payment was and is due to any of them." *Id.* ¶ 246.

Much of the rest of Plaintiff's allegations continue in this refrain. *See* Compl. ¶ 250 (thirteenth cause of action alleges that "all Defendants . . . faked that they are Plaintiff's creditor and lender, when they are not and obtained [sic] monies from Plaintiff") (sic); *id.* ¶ 253 (fourteenth cause of action for quiet title is premised on the allegation that Defendants filed false documents that "cite transactions that never ever happened in fact and in law" and that "the alleged Defendants are complete strangers to Plaintiff with no privity with Plaintiff"); *id.* ¶ 256 (fifteenth cause of action for wrongful foreclosure alleges that "Defendants lack the authority to foreclose because they are not the real party of interest, holder in due course and damaged party"); *id.* ¶ 262 (sixteenth and seventeenth causes of action allege that Defendants are "not damaged party, party of interest and holder in due course"); *id.* ¶ 272 (eighteenth cause of action alleges that Defendants "unlawfully mak[e] demand for payments when no payments is due and was due [sic]"); *id.* ¶ 275 (nineteenth cause of action alleges that Defendants were "making demands for payment when no payment was and is due to any of then [sic]"); *id.* ¶¶ 285-86 (twenty-first cause of action that Defendants were "unjustifiably enriched . . . as a result of an unsubstantiated debt and collection of monies from Plaintiff when no monies is due [sic] or was due to any of the Defendants"); *id.* ¶ 298 (twenty-fourth cause of action based on general fraud due to Defendants profiting from payments "that do not belong to them, it belongs to Plaintiff . . . not to Defendants that did not risk a bent penny into this deal").

At bottom, all of the above enumerated claims allege that Defendants cannot collect on Plaintiff's debt or foreclose on Plaintiff's property, because Defendants do not own any of the mortgage loans to the subject property. Indeed, Plaintiff attaches to his Complaint two letters that

United States District Court
For the Northern District of California

1   Plaintiff mailed to Nationstar, challenging Nationstar to produce evidence of the promissory note

2   or debt underlying the subject property. *See* ECF No. 3-10, at 17-18 (June 4, 2014 letter to

3   Nationstar requesting production of "the amount of the debt" and "the name of the creditor to

4   whom the debt is owed"); ECF No. 3-11, at 11-13 (May 19, 2014 letter addressed to Nationstar

5   demanding that Nationstar "provide for their proof of claim [of] . . . debt" and by producing "the

6   alleged Mortgage and/or note"). Therefore, the allegations here are the same as the ones Plaintiff

7   raised in *Sepehry-Fard I*, in which Plaintiff alleged that defendants were not "entitl[ed] . . . to

8   collect payment or declare default" on Plaintiff's debt. ECF No. 11-10, at 5. Accordingly, the

9   above enumerated causes of action in the instant lawsuit are based on the same nucleus of

10  transactional facts—the terms of Plaintiff's loans with Defendants, and whether they granted

11  Defendants the right to enforce Plaintiff's loans—on which Plaintiff based his claims in *Sepehry-

12  Fard I*.

13          Moreover, at least two of Plaintiff's other causes of action in the instant lawsuit arise from

14  the second set of alleged facts Plaintiff raised in *Sepehry-Fard I*, specifically that Plaintiff's loans

15  were improperly securitized and that this somehow made it impossible for Defendants to enforce

16  the terms of Plaintiff's loans. In *Sepehry-Fard I*, Plaintiff alleged that Plaintiff's loans were

17  securitized in such a way as to make the loans enforceable. ECF No. 11-10, at 15-16 (alleging that

18  "trust sales" required for securitization never occurred and therefore "Defendants did not acquire

19  any legal, equitable, and pecuniary interest in Plaintiff's Note and Mortgage"). In the instant

20  lawsuit, Plaintiff alleges that his "loan, once securitized is permanently converted in a stock," and

21  because the loan was securitized when Plaintiff defaulted, "the debt is discharged . . . . The Plaintiff

22  alleges that the debt has been discharged in full." *Id.* ¶¶ 115-17. Plaintiff then appears to base his

23  twenty-third and twenty-fourth causes of action on his contention that defendants sold these

24  "underlying 'DEFECTIVE' loans." *Id.* ¶ 296; *see id.* (twenty-third cause of action alleging that

25  defendants engaged in a "complex plan of *false claims of securitization*") (emphasis added); *id.* ¶

26  298 (twenty-fourth cause of action alleging that Defendants engaged in "securities fraud and

27  unlawful conduct"). Accordingly, Plaintiff's twenty-third and twenty-fourth causes of action in the

28

                                                  19

**United States District Court**
For the Northern District of California

1  instant lawsuit are based on the same nucleus of transactional facts—the securitization of

2  Plaintiff's mortgage loans—on which Plaintiff based his claims in *Sepehry-Fard I*.

3      In sum, nearly all of Plaintiff's causes of action in the instant lawsuit are based on one of

4  the two grounds Plaintiff raised in *Sepehry-Fard I*: that the foreclosure process was invalid because

5  the defendants do not possess the original promissory note, or that Plaintiff's loans were

6  improperly securitized. *See* ECF No. 11-11, at 5-7. Therefore, both *Sepehry-Fard I* and the claims

7  described above "arise from the same transactional nucleus of facts," which satisfies the most

8  important prong of the identity of claims inquiry. *See Tahoe-Sierra*, 322 F.3d at 1078.

9      In his opposition, Plaintiff argues that he could not have asserted any of the causes of action

10  in the instant lawsuit because Plaintiff recently received a notice of default from Nationstar on July

11  25, 2014. Opp'n at 28. However, *res judicata* still would bar claims "based on the same nucleus of

12  facts . . . if the claims could have been brought in the earlier action." *Tahoe-Sierra,* 322 F.3d at

13  1078; *Seevers v. United States*, 19 F. App'x 626, 627 (9th Cir. 2001) (affirming dismissal of case

14  on *res judicata* grounds where plaintiff's "claims could have been raised in his prior actions

15  regarding the same injury"). Here, nearly all of Plaintiff's claims are based on facts that existed

16  *before* Plaintiff filed *Sepehry-Fard I*. These facts include the terms of Plaintiff's loans with various

17  defendants, whether those documents granted any defendant the authority to foreclose on the

18  subject property, and whether Plaintiff's loans were securitized. Indeed, the documents Plaintiff

19  attaches to his Complaint in the instant lawsuit are related to Plaintiff's loans with defendants

20  executed in January 2007, before Plaintiff filed *Sepehry-Fard I. See, e.g.*, ECF 3-2, at 8-9 (deed of

21  trust for $1.3 million loan executed on January 10, 2007); *id.* at 32 (documents reflecting balance

22  of $1.3 million loan). The fact that Plaintiff most recently received a notice of foreclosure on July

23  25, 2014 does not give Plaintiff the right to re-assert already-litigated claims, especially where

24  those claims are not based on any new facts.

25      However, two of Plaintiff's causes of action in the instant lawsuit—the third, for violations

26  of the Fair Debt Collection Practices Act ("FDCPA"), and the twentieth, for mail fraud—appear to

27  be premised at least in part on facts Plaintiff claims to have discovered after the disposition of

28

20

United States District Court
For the Northern District of California

*Sepehry-Fard I.* Plaintiff's third and twentieth causes of action appear to be based on an allegation that certain documents were robo-signed. Compl. ¶ 208 (FDCPA cause of action alleging that Defendants took "unlawful actions against Plaintiff in robo notarizing and robo signing instruments"); *id.* ¶ 281 (mail fraud cause of action alleging that "Defendants participated. . . as robo notary and robo signer as set forth above").  Liberally construing the complaint of a pro se litigant, Plaintiff appears to allege that Defendants violated the FDCPA and committed mail fraud by robo-signing various documents. Plaintiff further claims that evidence of his allegations of robo-signing came to light in 2014, one year after the disposition of *Sepehry-Fard I. See, e.g.*, Compl. ¶¶ 133-38 (attaching signature of defendant that Plaintiff obtained on June 30, 2014). Assuming the truth of Plaintiff's allegations, *see Manzarek*, 519 F.3d at 1031, Plaintiff arguably could not have brought his claims based on alleged robo-signing of documents in *Sepehry-Fard I*, as the alleged evidence of robo-signing did not surface until after *Sepehry-Fard I* was dismissed. Accordingly, the doctrine of *res judicata* would not bar Plaintiff's third and twentieth causes of action. *Tahoe-Sierra*, 322 F.3d at 1078 (*res judicata* bars unasserted claims based on the same nucleus of facts only "if the claims *could have been brought* in the earlier action.") (emphasis added).[5]

In sum, all of Plaintiff's twenty-four causes of action except for his third and his twentieth are based on the same transactional nucleus of facts as *Sepehry-Fard I*. Therefore, the most important prong of the identity of claims inquiry is satisfied with respect to twenty-two of Plaintiff's twenty-four claims.

### (2)    Whether Rights or Interests Would be Destroyed or Impaired

The next prong of the identity of claims inquiry is whether "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1150. Here, the rights or interests established in the court order dismissing *Sepehry-Fard I*—specifically the right of Defendants to

---

[5] The Court will discuss the sufficiency of Plaintiff's third and twentieth causes of action in Section III.B.3, *infra*.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

1  foreclose on Plaintiff's property and collect on Plaintiff's loans—would be impaired by the

2  prosecution of the instant action. Therefore, this prong is satisfied.

3           **(3)       Substantially the Same Evidence at Issue**

4           Next for the purposes of the identity of claims inquiry, the Court examines "whether

5  substantially the same evidence is presented in the two actions." *Liquidators of European Fed.*

6  *Credit Bank*, 630 F.3d at 1150. Here, based on Plaintiff's claims, the instant lawsuit would require

7  presentation of evidence related to the validity of Defendants' authority to enforce Plaintiff's

8  mortgage loans or foreclose on the subject property. *See* Compl. ¶¶ 193-298. This evidence would

9  include the deeds of trust assigned to various defendants in connection with the $1.3 million loan

10 and $300,000 HELOC. ECF Nos. 11-1 & 11-3. This is the same evidence that was at issue in

11 *Sepehry-Fard I. See* ECF No. 11-11, at 1-2 (citing loan documents and deeds of trust executed in

12 conjunction with $1.3 million mortgage and $300,000 HELOC). Therefore, this element is met.

13          **(4)       Infringement of the Same Right**

14          The final prong of the identity of claims inquiry is "whether the two suits involve

15 infringement of the same right." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1150. In

16 *Sepehry-Fard I*, the right at issue was whether Plaintiff had a right to possess the subject property

17 against Defendants' attempts to foreclose. ECF No. 11-11, at 4-7. This is the same right at issue in

18 the instant lawsuit. *See* Compl. ¶¶ 193-298 (allegations disputing defendants' right to foreclose on

19 Plaintiff's property). Thus, this prong is satisfied. Moreover, all the elements of the identity of

20 claims inquiry are met with respect to each of Plaintiff's causes of action, except for the third and

21 twentieth causes of action. Therefore, the Court proceeds to examine whether *Sepehry-Fard I*

22 reached final judgment on the merits, and whether there is privity between the parties.

23          **b)       Final Judgment on the Merits**

24          "An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res*

25 *judicata* . . . ." *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). In *Sepehry-Fard I*, the court

26 granted the defendants' motion to dismiss after considering the merits of Plaintiff's claim. *See* ECF

27 No. 11-11. In so doing, the court found there was no recognizable legal claim that "the foreclosure

28

22

process is invalid if the trustee does not possess the original promissory note." *Id.* at 5. The court also rejected Plaintiff's claim that Plaintiff's loans were improperly securitized, on the grounds that Plaintiff lacked standing to assert a claim of improper securitization, and because courts had consistently "rejected a general theory based on securitization for failure to state a claim." *Id.* at 5-6 (collecting and citing cases). Therefore, because *Sepehry-Fard I* was involuntarily dismissed, it reached adjudication on the merits.

### c)       Privity Between the Parties

Finally, the Court looks at whether *Sepehry-Fard I* and the current lawsuit involve parties in privity with each other. The Ninth Circuit has defined privity in the *res judicata* context as "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d at 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)). Privity exists if there is sufficient commonality of interests between the parties. *Tahoe-Sierra*, 322 F.3d at 1081. Here, there is no dispute that Plaintiff was the complainant in *Sepehry-Fard I*. *See* ECF No. 11-9. The operative inquiry therefore becomes whether there is privity between the defendants in *Sepehry-Fard I* and the defendants in the instant lawsuit. Given the number of defendants in the instant lawsuit, the Court will examine them in groups.

### (1)       Privity as to Defendants GreenPoint and U.S. Bank

In *Sepehry-Fard I*, Plaintiff sued among other parties GreenPoint and U.S. Bank. ECF No. 11-9. Both GreenPoint and U.S. Bank are also named as defendants in the instant action. *See* ECF No. 1. Therefore, privity is established for these defendants. *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1150 (privity established where parties are identical).

### (2)       Privity as to Defendants MERS, Marin Conveyancing, Nationstar, and Clear Recon

Privity may exist, even when the parties are not identical, if "there is a substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

at 1081 (citation omitted); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002) (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted). "Nonparty preclusion may be based on a pre-existing substantive legal relationship between the person to be bound and a party to the judgment, *e.g.*, assignee and assignor." *Taylor v. Sturgell,* 553 U.S. 880, 894 (2008); *see also In re Schimmels,* 127 F.3d at 881 (9th Cir. 1997) ("[A] non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party."). In the context of home foreclosures, other district courts have found that subsequent trustees, assignees, or assignors of a mortgage are in privity with one another. *See, e.g.*, *Barnes v. Homeward Residential, Inc.*, No. 13-3227 SC, 2013 WL 5217393, at *3 (N.D. Cal. Sept. 17, 2013) (finding sufficient commonality of interests for purposes of *res judicata* between mortgage servicer on the one hand, and former and current holders of the beneficial interest of the deed of trust and substitute trustee of the deed of trust on the other hand); *Apostol v. CitiMortgage, Inc.*, No. 13-CV-01983-WHO, 2013 WL 6328256, at *5 (N.D. Cal. Nov. 21, 2013) (finding substituted trustee that initiated foreclosure was so "identified in interest" with mortgage originator as to be in privity); *Lee v. Thornburg Mortgage Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (successor trustee and servicers of mortgage loan in privity with original lender, nominee, and trustee sued in prior lawsuit).

Here, defendant GreenPoint—which was also a defendant in *Sepehry-Fard I*—was the originator of both the $1.3 million mortgage and the $300,000 HELOC at issue in the instant lawsuit. *See* ECF No. 11-11, at 1-2. Defendants MERS, Marin Conveyancing, Nationstar, and Clear Recon acted as either a trustee or nominee for GreenPoint, or as a successor nominee in relation to GreenPoint's loans. Defendant MERS acted as the nominee for GreenPoint upon execution of both the $1.3 million loan and the HELOC. ECF Nos. 11-2, 11-3. Defendant Marin Conveyancing acted as a trustee for GreenPoint in connection with the $1.3 million loan and the HELOC. ECF No. 11-2, 11-3. MERS subsequently assigned the deed of trust to Plaintiff's property in connection with the $1.3 million loan to defendant Nationstar. ECF No. 12-4. Nationstar

24

subsequently conveyed the deed of trust to Defendant Clear Recon. ECF No. 3-10. All of these parties "succeeded to a party's interest in property" and therefore are "bound by any prior judgment" regarding the property. *In re Schimmels*, 127 F.3d at 881. Accordingly, MERS, Marin Conveyancing, Nationstar, and Clear Recon have a sufficient commonality of interest with GreenPoint, a defendant in *Sepehry-Fard I*, and privity is established.

### (3)   Privity as to Individual Defendants Bray, Lewis, Roberson, and Duncan

Plaintiff has also sued individual defendants Bray, Lewis, Roberson, and Duncan. As previously discussed, these individual defendants are employees of Nationstar. ECF No. 7, at 5 (identifying the individual defendants as employees of Nationstar). Plaintiff alleges the four individual defendants engaged in the same misconduct as the defendants in *Sepehry-Fard I*, specifically that the individual defendants did not have the authority to enforce the terms of Plaintiff's loans or foreclose on the subject property. *See, e.g.*, Compl. ¶ 246 (alleging that Bray, Lewis, and other named defendants "severely cloud[ed] the title to Plaintiff's real property when alleged Defendants did not lend a bent penny to Plaintiff or for Plaintiff's property"); *id.* ¶¶ 285-86 (alleging that Bray, Lewis, and other named defendants were "enriched as a result of an unsubstantiated debt and collection of monies from Plaintiff when no monies [were] due"). Accordingly, because these individual defendants stand accused of the same misconduct raised in *Sepehry-Fard I*, and are employees of parties in privity with defendants in that earlier lawsuit, they "are so identified in interest with a party to former litigation that [they] represent[] precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d at 881 (internal quotation marks omitted). Privity is therefore established between defendants Bray, Lewis, Roberson, and Duncan and the defendants in *Sepehry-Fard I*.

In his opposition, Plaintiff argues that *res judicata* does not bar his present suit against individual defendants Bray, Lewis, Roberson, and Duncan, as well as defendants Nationstar and Clear Recon, because these parties were not defendants in Plaintiff's earlier federal lawsuits. Opp'n at 28. However, the fact that defendants were not named in a prior lawsuit does not bar the application of *res judicata* if privity exists between the newly-named defendants and a defendant in

25

United States District Court
For the Northern District of California

a prior action. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (finding privity between the parties in a case barred by res judicata and stating "[d]ifferent individuals are named defendants in the two suits, but all are employees of the FCC"); *Cobb v. Juarez*, Nos. 13-55394, 13-55478, 2014 WL 3747304, at *1 (9th Cir. July 31, 2014) (unpublished memorandum disposition) (affirming dismissal of federal civil rights action on *res judicata* grounds and finding privity between defendants in first action with defendants in second action even though defendants in second action were not named in the first, but all were employees of the University of California at San Diego's police department); *Conway v. Geithner*, No. 12–0264 CW, 2012 WL 1657156, at *3 (N.D. Cal. May 10, 2012) (finding privity between defendant in first action, who was employed by the Department of Veterans Affairs, and defendant in second action, who was employed by the Internal Revenue Service, because they were both employed by the same federal agency, i.e., the Department of Treasury); *see also Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) ("We, along with other circuits, have long held that claim preclusion applies if the new defendant is closely related to a defendant from the original action—who was not named in the previous law suit, not merely when the two defendants are in privity.") (internal quotation marks omitted); 18A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4464.1, at 720 n.6 (2d ed. 2002) (collecting cases in which new defendants successfully asserted non-mutual claim preclusion). Therefore, Plaintiff's argument fails.

### (4) Privity as to Defendant ReconTrust

The Court finds that privity does not exist between any of the defendants in *Sepehry-Fard I* and defendant ReconTrust in the instant action. None of the documents supplied by either party disclose how, if at all, ReconTrust is connected with the mortgage loans that form the crux of Plaintiff's allegations here. According to documents attached to Plaintiff's Complaint, on January 19, 2007, MERS conveyed a deed of trust for the subject property to ReconTrust. ECF No. 3-9, at 3. However, the deed of trust was originally executed on July 21, 2005, and therefore appears to be unconnected to the mortgage loans at issue in the instant lawsuit, which were executed on January 10, 2007. *See id.* Moreover, although ReconTrust, along with defendants Nationstar, U.S. Bank,

26

**United States District Court**
For the Northern District of California

1   and MERS, argues that Plaintiff's Complaint should be dismissed on the grounds of *res judicata*,

2   ReconTrust does not explain how it is in privity with the defendants in *Sepehry-Fard I*. *See* ECF

3   No. 7, at 4-5.

4   Accordingly, the Court DENIES ReconTrust's motion to dismiss on the grounds of *res*

5   *judicata.*

6   **d)    Conclusion Regarding *Res Judicata***

7   For the reasons stated above, the Court finds that Plaintiff's third and twentieth causes of

8   action are not barred by *res judicata* as they could not have been asserted in *Sepehry-Fard I*. In

9   addition, the Court finds that Plaintiff's claims against defendant ReconTrust is not barred by *res*

10  *judicata* as ReconTrust does not appear to have been in privity with any of the defendants in

11  *Sepehry-Fard I*.

12  The Court concludes that *res judicata* otherwise bars Plaintiff's claims. Therefore, the

13  Court GRANTS the motions to dismiss of Nationstar, Clear Recon, GreenPoint, U.S. Bank, Marin

14  Conveyancing, MERS, Bray, Lewis, Roberson, and Duncan with respect to all of Plaintiff's claims

15  except for the third and twentieth causes of action. Moreover, because the Court dismisses

16  Plaintiff's Complaint as to these defendants on the grounds of *res judicata*, amendment would be

17  futile. Accordingly, Plaintiff's claims as to these defendants are dismissed without leave to amend.

18  **4.    Sufficiency of Plaintiff's Remaining Allegations**

19  The Court now addresses the sufficiency of Plaintiff's twenty-four causes of action against

20  ReconTrust and California Reconveyance,[6] as Plaintiff's claims against these two defendants are

21  not barred by *res judicata*. The Court will also address the sufficiency of Plaintiff's third and

22  twentieth causes of action against all Defendants, as these claims are also not precluded by *res*

23  *judicata.*

24  As a preliminary matter, California Reconveyance moves to dismiss Plaintiff's Complaint

25  on the grounds that Plaintiff's "insufficient and incoherent" allegations fail to put California

26  Reconveyance on notice of its allegedly wrongful conduct, as required by the Federal Rules of

27  ─────────────────────
[6] As previously discussed, California Reconveyance did not move to dismiss Plaintiff's Complaint
28  on the grounds of *res judicata*. *See supra* note 4.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

Civil Procedure. ECF No. 8, at 12. It is axiomatic that a plaintiff plead a claim with "facial plausibility" that "allow[s] the court to draw the reasonable inference that the *defendant is liable for the misconduct alleged.*" *Iqbal*, 556 U.S. at 663 (emphasis added). In addition, the Federal Rules of Civil Procedure require a pleading to give a defendant "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997); Fed. R. Civ. P. 8(a)(2) (requiring that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, "[t]he plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation marks omitted). Furthermore, where "all defendants are lumped together in a single, broad allegation," without "any specificity [of] how each . . . defendant allegedly" committed illegal acts, the plaintiff's complaint fails to put defendants on notice of the claims asserted against them. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (holding that "confusion of which claims apply to which defendants would require that the complaint be dismissed").

Here, twenty of Plaintiff's twenty-four causes of action are alleged against "All Defendants and Doe Defendants." *See* Compl. ¶¶ 193-298. Plaintiff by and large does not allege, in any of his causes of action, any overt acts in which California Reconveyance—or ReconTrust, for that matter—engaged that would support Plaintiff's claims. *See, e.g.*, Compl. ¶ 198 (alleging that "all Defendants' acts and practices are unlawful, unfair, and fraudulent"); *id.* ¶ 214 (alleging that "all Defendants['] unlawful actions enable them to receive income . . . from a pattern of racketeering activity"); *id.* ¶ 220 (alleging that "Defendants' unlawfully cloud[ed] the title to Plaintiff's real property"); *id.* ¶ 298 (alleging "Defendants' securities fraud and unlawful conduct"). In addition, although four of Plaintiff's causes of action are alleged against ReconTrust specifically (along with GreenPoint, Nationstar, Bray, Lewis, U.S. Bank, MERS, California Reconveyance, and Marin Reconveyancing), Plaintiff likewise fails to allege any act by any of the named defendants in

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    support of Plaintiff's allegations. *See, e.g.*, *id.* ¶ 241 (alleging that "Defendants stole from

2    Plaintiff"); *id.* ¶ 246 (alleging that "Defendants falsely and fraudulently demanded Payment from

3    Plaintiff when no payments was and is due [sic]"); *id.* ¶ 285 (alleging that "Defendants have been

4    unjustifiably enriched by collection of monies"); *id.* ¶ 290 (alleging that "Defendants faked

5    securitization of Plaintiff's loans" while "Defendants continued to receive monies from Plaintiff").

6    Plaintiff fails to allege any overt acts of California Reconveyance and therefore fails to put

7    California Reconveyance on notice of Plaintiff's allegations against it.

8        However, Plaintiff's Complaint suffers from a more fatal defect, which is that all of

9    Plaintiff's claims fail as a matter of law and therefore Plaintiff cannot possibly win relief.

10    Plaintiff's causes of action are premised on one of three theories: (1) that Defendants lack the

11    authority to foreclose on the subject property because they do not own the rights to Plaintiff's

12    mortgages or the original promissory note; (2) that Defendants securitized Plaintiff's loans and

13    therefore voided them; or (3) that Defendants engaged in the robo-signing of documents related to

14    Plaintiff's mortgages. As discussed more fully below, all of these premises fail to support a

15    cognizable legal claim.

16        **a)**      **Claims Based on Lack of Authority to Initiate Foreclosure**

17        Where, as here, a plaintiff alleges that defendants improperly tried to collect on a mortgage

18    because those defendants are not "present holders in due course," or because those defendants have

19    no "legal relationship with" the plaintiff, such allegations state a "produce the note" theory of

20    liability. *See, e.g.*, *Trinh v. Citibank, NA*, No. 5:12-CV-03902 EJD, 2012 WL 6574860, at *4 (N.D.

21    Cal. Dec. 17, 2012) (allegation that "none of Defendants were present holders in due course of

22    Plaintiff's Note such that they can enforce Plaintiff's obligation and demand mortgage payments"

23    was a "produce the note" theory of liability); *Andrade v. U.S. Bank Nat'l Ass'n*, No. CIV. 13-00255

24    LEK, 2013 WL 4552186, at *10 (D. Haw. Aug. 27, 2013) (allegation that "Defendant did not have

25    the right to foreclose on the Property because it did not own, nor does it have any legal relationship

26    with" plaintiff was a "produce the note" theory of liability). Indeed, Plaintiff's claims here are

27    substantially the same as those raised in *Sepehry-Fard I*, which Judge Davila found formed a

28

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

1    "produce the note" theory of liability. ECF No. 11-11, at 5 (allegation that, *inter alia*, defendants

2    did not have ownership interest in Plaintiff's mortgage was a "produce the note" theory of

3    liability).

4           Specifically, in the instant case, Plaintiff alleges a "produce the note" theory of liability in

5    twenty of his causes of action against all Defendants.[7] *See* Compl. ¶ 194 (first cause of action

6    alleging that Defendants made "improper demands for payment to Plaintiff and unlawfully

7    clouding the title to Plaintiff's real property . . . even though no payment[] was due to any of the

8    Defendants."); *id*. ¶ 199 (second cause of action alleging that "there was not and is not any debt

9    owed by Plaintiff to Defendants."); *id*. ¶ 226 (fourth through eighth causes of action for civil RICO

10   alleging that there are no documents that "prove[d] alleged Defendants are damaged parties, parties

11   of interest and holder in due course"); *id*. ¶ 232 (ninth, tenth and eleventh causes of action based on

12   claim that "Defendants maliciously and unlawfully cloud[ed] the title to Plaintiff's real property"

13   based on "an unsubstantiated debt."*); id.* ¶ 246 (twelfth cause of action alleging "Defendants

14   falsely and fraudulently demanded Payment from Plaintiff when no payment was and is due to any

15   of them."); *id*. ¶ 250 (thirteenth cause of action alleges that "all Defendants . . . faked that they are

16   Plaintiff's creditor and lender, when they are not and obtained [sic] monies from Plaintiff") (sic);

17   *id*. ¶ 253 (fourteenth cause of action for quiet title is premised on the allegation that Defendants

18   filed false documents that "cite transactions that never ever happened in fact and in law" and that

19   "the alleged Defendants are complete strangers to Plaintiff with no privity with Plaintiff"); i*d*.

20   ¶ 256 (fifteenth cause of action for wrongful foreclosure alleges that "Defendants lack the authority

21   to foreclose because they are not the real party of interest, holder in due course and damaged

22   party"); *id*. ¶ 262 (sixteenth and seventeenth causes of action allege that Defendants are "not

23   damaged party, party of interest and holder in due course"); *id*. ¶ 272 (eighteenth cause of action

24   alleges that Defendants "unlawfully mak[e] demand for payments when no payments is due and

25

26   ─────────────
     [7] Although no party produced evidence tying ReconTrust or California Reconveyance to the
     mortgages at issue here, Plaintiff still alleges that "all Defendants"—including California
27   Reconveyance and ReconTrust—have attempted to collect on Plaintiff's debt or foreclose on the
     subject property. *See, e.g.*, Compl. ¶ 255 (asserting claim of "Wrongful Foreclosure" against "All
28   Defendants").

30

**United States District Court**
For the Northern District of California

was due [sic]"); *id.* ¶ 275 (nineteenth cause of action alleges that Defendants were "making demands for payment when no payment was and is due to any of then [sic]"); *id.* ¶¶ 285-86 (twenty-first cause of action that Defendants were "unjustifiably enriched . . . as a result of an unsubstantiated debt and collection of monies from Plaintiff when no monies is due [sic] or was due to any of the Defendants"); *id.* ¶ 298 (twenty-fourth cause of action based on general fraud due to Defendants profiting from payments "that do not belong to them, it belongs to Plaintiff . . . not to Defendants that did not risk a bent penny into this deal").

It is well-established that "under California law, there is no requirement that the trustee have possession of the physical [promissory] note before initiating foreclosure proceedings." *Kimball v. BAC Home Loans Servicing, LP*, No. 10-CV-05670-LHK, 2011 WL 577418, at *2 (N.D. Cal. Feb. 9, 2011); *Aguilera v. Hilltop Lending Corp.,* No. C 10-0184 JL, 2010 WL 3340566, at *3-4 (N.D. Cal. Aug. 25, 2010) (collecting cases); *Gandrup v. GMAC Mortg.*, No. 11-CV-0659-LHK, 2011 WL 703753, at *2 (N.D. Cal. Feb. 18, 2011) (holding "there is no requirement that the trustee have possession of the physical note before initiating foreclosure proceedings."). Indeed, as Judge Davila noted in *Sepehry-Fard I*, a "produce the note" theory of liability has been "consistently rejected" by district courts in California. ECF No. 11-11, at 5 (collecting cases). Therefore, the Court dismisses Plaintiff's first; second; fourth through nineteenth; twenty-first; and twenty-fourth causes of action against defendants ReconTrust and California Reconveyance. Moreover, because these claims fail as a matter of law, amendment would be futile. *See Dumas*, 90 F.3d at 393. Accordingly, the Court dismisses these claims against ReconTrust and California Reconveyance without leave to amend.

### b)    Claims Based on Robo-Signing

Two of Plaintiff's causes of action—his third, for violation of the FDCPA, and his twentieth, for mail fraud—are premised on Plaintiff's allegation that defendants engaged in the robo-signing of documents filed in conjunction with the transfer of Plaintiff's various deeds of trusts. Plaintiff's FDCPA claim stems from Plaintiff's allegation that "[a]ll Defendants . . . who acted as an accessory to the unlawful actions taken against Plaintiff in robo notarizing and robo

31

United States District Court
For the Northern District of California

1  signing instruments and filing those instruments in Santa Clara county recorder to divest Plaintiff

2  from money and property." Compl. ¶ 208. In addition, Plaintiff's claim of mail fraud is based on

3  the allegation that "all Defendants participated either as accessory . . . as robo notary and robo

4  signer . . . by sending mail to Plaintiff to defraud Plaintiff, to obtain money from Plaintiff, threaten

5  Plaintiff with foreclosure of Plaintiff's home." *Id.* ¶ 281.

6          However, the "robo-signing" of documents in the "transfer process does not itself constitute

7  harm to the borrower because it does not affect the foreclosure, which is the only injury suffered by

8  the homeowner." *Moran v. GMAC Mortgage, LLC*, No. 5:13-CV-04981-LHK, 2014 WL 3853833,

9  at *4 (N.D. Cal. Aug. 5, 2014). Therefore, Plaintiff lacks standing to assert a cause of action based

10  on robo-signing. [8] *Id.*; *see also Javaheri v. JP Morgan Chase Bank, N.A.*, No. 10-08185 ODW,

11  2012 WL 3426278, at *7 (C.D. Cal. Aug. 13, 2012) ("While the allegation of robo-signing may be

12  true, the Court ultimately concludes that [Plaintiff] lacks standing to seek relief under such an

13  allegation.... [T]he only injury [Plaintiff] alleges is the pending foreclosure on his home, which is

14  the result of his default on his mortgage. The foreclosure would occur regardless of what entity was

15  named as trustee, and so [Plaintiff] suffered no injury as a result of this substitution."); *Fontenot v.*

16  *Wells Fargo Bank*, 198 Cal. App. 4th 256, 272 (2011) ("If [defendant] indeed lacked authority to

17  make the assignment, the true victim was not plaintiff but the original lender, which would have

18  suffered the unauthorized loss . . . .").

19

20  [8] Plaintiff also attaches to his complaint a declaration from a private investigator that Plaintiff hired
    to investigate the chain of custody of Plaintiff's loans. *See* ECF No. 3-1. According to the
21  declaration, which was executed on June 26, 2014, the investigator concluded that GreenPoint
    "appears to have committed hypothecation fraud" by selling Plaintiff's note and deed of trust to
22  Nationstar on May 22, 2013 after GreenPoint had pledged or sold the same note and deed of trust
    to another entity on April 30, 2007. *Id.* ¶ 14. Although Plaintiff does not explicitly raise the
23  argument in either his complaint or his opposition, Plaintiff appears to try to state a claim of
    "hypothecation fraud." However, this claim would suffer from the same defect as Plaintiff's claims
24  premised on robo-signing. Specifically, "[t]hird-party borrowers lack standing to assert problems in
    the assignment of the loan" because the borrowers have not suffered an injury in fact. *Flores v.*
25  *GMAC Mortg., LLC*, No. 12-00794 SI, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013).
    Assignment defects do not injure borrowers because "[e]ven if there were some defect in the
26  [subsequent] assignment of the deed of trust, that assignment would not have changed plaintiff's
    payment obligations." *Simmons v. Aurora Bank, FSB*, No. 13-00482 HRL, 2013 WL 5508136, at
27  *2 (N.D. Cal. Sept. 30, 2013). Accordingly, Plaintiff here could not assert any claim based on
    alleged fraud in connection with the assignment of Plaintiff's loans, as Plaintiff's obligation to
28  repay his mortgage is unaffected by any assignment defects.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

The Court also notes that Plaintiff's claim for mail fraud fails as a matter of law because in general "there is no private right of action for mail fraud." *Wilcox v. First Interstate Bank,* 815 F.2d 522, 533 n. 1 (9th Cir.1987). Therefore, in a civil action, "mail fraud . . . claims are completely inappropriate. These are criminal violations, and it is clear that there is no private right of action to bring them as individual claims in a civil suit." *Orcilla v. Bank of Am., N.A.*, No. C10-03931 HRL, 2010 WL 5211507, at *4 (N.D. Cal. Dec. 16, 2010). For this additional reason, Plaintiff's claim for mail fraud is legally foreclosed.

For the reasons stated above, Plaintiff's third and twentieth causes of action against all Defendants fail as a matter of law. The Court therefore dismisses them without leave to amend. *See Dumas*, 90 F.3d at 393.

<strong>c)</strong>  <strong>Claims Based on Improper Securitization</strong>

To the extent they can be understood, Plaintiff's remaining two causes of action—his twenty-third, for attorney's fees, and his twenty-fourth, for securities fraud—appear to be premised on Plaintiff's allegation that the securitization of Plaintiff's loans voided the debt, and therefore his loans were improperly securitized. In his Complaint, Plaintiff alleges that his "loan, once securitized is permanently converted in a stock," and because the loan was securitized when Plaintiff defaulted, "the debt is discharged . . . . The Plaintiff alleges that the debt has been discharged in full." *Id*. ¶¶ 115-17. Plaintiff then appears to base his twenty-third and twenty-fourth causes of action on his contention that defendants sold these "underlying 'DEFECTIVE' loans." *Id.* ¶ 296; *see id.* (twenty-third cause of action alleging that defendants engaged in a "complex plan of *false claims of securitization*") (emphasis added); *id.* ¶ 298 (twenty-fourth cause of action alleging that Defendants engaged in "securities fraud and unlawful conduct").

First, the Court notes that Plaintiff's twenty-third cause of action for attorney's fees appears to be a request for a remedy, not an independent cause of action. *See Snatchko v. Westfield LLC*, 114 Cal. Rptr. 3d 368, 391 (Ct. App. 2010) (noting that attorneys' fees "are not part of the underlying cause of action, but are incidents to the cause and are properly awarded after entry of a . . . judgment"). Second, even if Plaintiff asserts a cause of action based on the theory that

33

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS

1   securitization of Plaintiff's loans renders them unenforceable, such a theory has been consistently

2   rejected by district courts. *See, e.g.*, *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092,

3   1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned

4   to a trust pool has also been rejected by many district courts."); *Hague v. Wells Fargo Bank, N.A.*,

5   No. C11-02366 TEH, 2011 WL 6055759, at *6 (N.D. Cal. Dec. 6, 2011) ("To the extent that

6   Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is

7   no merit to the contention that securitization renders the lender's loan in the property invalid.");

8   *Wadhwa v. Aurora Loan Servs., LLC*, No. CIV. S-11-1784 KJM, 2011 WL 2681483, at *4 (E.D.

9   Cal. July 8, 2011) ("To the extent the court comprehends this position—apparently suggesting the

10  assignment of the note to a Real Estate Mortgage Investment Conduit (REMIC) renders any

11  interest in the property other than plaintiffs' somehow invalid—this position has been rejected by

12  numerous courts and plaintiffs have provided no authority suggesting why this court should decide

13  otherwise."). Plaintiff cannot assert a claim based on the theory that a securitization defect rendered

14  Plaintiff's mortgage loans unenforceable. Therefore, Plaintiff's claims based on this theory fail.

15      Finally, Plaintiff's twenty-fourth cause of action for securities fraud suffers from yet

16  another infirmity, which is that Plaintiff lacks standing to sue for securities fraud. In general,

17  "[o]nly a purchaser or seller of securities has standing to bring an action" for securities fraud.

18  *Binder v. Gillespie,* 184 F.3d 1059, 1067 (9th Cir. 1999); *Gutter v. Merrill Lynch, Pierce, Fenner*

19  *& Smith, Inc.,* 644 F.2d 1194, 1196 (6th Cir. 1981) (explaining that only purchasers of securities

20  have standing to sue under 15 U.S.C. § 77q(a)). Here, Plaintiff does not claim to have been a

21  purchaser or seller of securities related to Plaintiff's mortgages, or a purchaser or seller of

22  securities connected with Defendants. Rather, Plaintiff appears to base his claim of securities fraud

23  on his general allegation that Plaintiff's loans were securitized. *See* Compl. ¶ 185 (referring to,

24  among other documents attached to Plaintiff's Complaint, documents related to the securitization

25  of Plaintiff's mortgages); ECF No. 3-1, ¶ 19 (declaration of private investigator stating that

26  Plaintiff's "loan/debt" was securitized in a trust of "mortgage-backed securities"). Even assuming

27  that Plaintiff's mortgage loans were securitized, this fact would not qualify Plaintiff as a purchaser

28

United States District Court
For the Northern District of California

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

1    or seller of the security. *See Harms v. Recontrust Co.*, 2010 WL 2573144, at * 2 (N.D. Cal. June

2    24, 2010) (explaining that plaintiffs mortgagees lack standing to allege securities fraud in

3    connection with the sale of their mortgage on the stock market); *Bukhari v. T.D. Serv. Co.*, 2010

4    WL 2762794, at * 5 (D. Nev. July 13, 2010) (holding that plaintiff could not base a claim for

5    securities fraud based on the fact that his lender sold his promissory note, bundled with others, to a

6    third party).

7              For these reasons, Plaintiff's twenty-third and twenty-fourth causes of action against

8    defendants ReconTrust and California Reconveyancing fail as a matter of law. These claims are

9    also dismissed without leave to amend. *See Dumas*, 90 F.3d at 393.

10             In summary, the Court rules on the various motions to dismiss as follows:

11   •    Plaintiff's third and twentieth causes of action against all Defendants are DISMISSED

12        without leave to amend because they fail as a matter of law.

13   •    All remaining claims against defendants Nationstar, Clear Recon, GreenPoint, U.S. Bank,

14        Marin Conveyancing, MERS, Bray, Lewis, Roberson, and Duncan are DISMISSED

15        without leave to amend on the grounds of *res judicata*.

16   •    All remaining claims against defendants ReconTrust and California Reconveyance are

17        DISMISSED without leave to amend on the grounds that these claims fail as a matter of

18        law.

19        **C.        Plaintiff's Motion for Sanctions**

20             The Court now turns to Plaintiff's motion for sanctions pursuant to Federal Rule of Civil

21   Procedure 11. "Rule 11 requires the imposition of sanctions when a motion is frivolous, legally

22   unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v.*

23   *Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). "The central purpose of Rule 11 is to deter

24   baseless filings ... [and] Rule 11 imposes a duty on attorneys to certify that they have conducted a

25   reasonable inquiry and have determined that any papers filed with the court are well-grounded in

26   fact, legally tenable, and not interposed for some improper purpose." *Borneo, Inc.*, 971 F.2d at 254

27   (internal quotation marks omitted). An "improper purpose" is a purpose to "harass or to cause

28

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

United States District Court
For the Northern District of California

1   unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). The test

2   for improper purpose is an objective one. *G.C. and K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096, 1109

3   (9th Cir. 2003).

4        Here, Plaintiff has filed a motion for sanctions against all Defendants and their attorneys.

5   *See* ECF No. 45, at 3. The basis for Plaintiff's motion for sanctions is that Defendants filed

6   documents containing false statements with this Court. *Id.* Specifically, Plaintiff alleges that

7   Defendants filed "forged, untrue and fraudulent instruments" in the Santa Clara County Recorder's

8   office. *Id.* Plaintiff then argues that because Defendants requested judicial notice of these allegedly

9   forged documents, Defendants perpetuated fraud on the Court. *See, e.g., id.* (accusing defendants of

10  filing requests for judicial notice "when the face of the instruments are self explanatory which have

11  robo signers, robo notary"). Plaintiff requests the Court award $5 million in sanctions, and that the

12  Court strike multiple pleadings filed by defendants. *Id.* at 8. Defendants deny that the documents at

13  issue are forged or fraudulent, or that Defendants have committed fraud on the Court. *See, e.g.,*

14  ECF No. 49, at 5-7.

15       The Court finds that Plaintiff fails to assert a claim for sanctions pursuant to Rule 11. In

16  support of his claim that Defendants filed forged, untrue, or fraudulent documents, Plaintiff cites

17  only to a declaration from a private investigator that Plaintiff attached to his Complaint. *See* ECF

18  No. 3-1. In that declaration, the investigator states that defendant GreenPoint may "have committed

19  hypothecation fraud by selling the Plaintiff's Note and Deed of Trust" to two different parties. *Id.*

20  at ¶ 14. The investigator also states that general instances of hypothecation fraud may involve

21  "counterfeit documents." *Id.* ¶ 29. This is not evidence that Defendants filed fraudulent documents

22  in relation to *this* matter, or that Defendants referenced fraudulent documents to this Court. The

23  declaration of Plaintiff's investigator does not state that counterfeit documents were filed in

24  connection with the subject property, and Plaintiff provides no other evidence of his claim.

25  Accordingly, Plaintiff has failed to show that defendants filed documents that were "frivolous,

26

27

28

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR
SANCTIONS

legally unreasonable, or without factual foundation," as required to impose Rule 11 sanctions. *Conn*, 967 F.2d at 1420. Plaintiff's motion for sanctions is therefore DENIED.[9]

## IV.   CONCLUSION

In summary, the Court DISMISSES Plaintiff's third and twentieth causes of action against all Defendants without leave to amend because these claims fail as a matter of law. The Court DISMISSES without leave to amend all remaining claims against Nationstar, Clear Recon, GreenPoint, U.S. Bank, Marin Conveyancing, MERS, Bray, Lewis, Roberson, and Duncan on the grounds of *res judicata*. The Court DISMISSES all remaining claims against ReconTrust and California Reconveyance without leave to amend because Plaintiff's claims fail as a matter of law. Plaintiff's motion for sanctions is DENIED. The Court DENIES all pending motions as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 26, 2015

_____
LUCY H. KOH
United States District Judge

---

[9] In its opposition to Plaintiff's motion for sanctions, California Reconveyance requests that the Court award California Reconveyance reasonable attorneys' fees pursuant to Federal Rule of Civil Procedure 11 for the cost of opposing Plaintiff's motion. *See* ECF No. 49, at 8-9. California Reconveyance's request for sanctions failed to comply with Civil Local Rule 7-8, which states that any motion for sanctions "must be separately filed" and set for hearing in conformance with Civil Local Rule 7-2. *See* U.S. District Court, Northern District of California, Civil Local Rules, *available at* http://www.cand.uscourts.gov/localrules/civil. Accordingly, California Reconveyance's request is DENIED.

Case No.: 14-CV-03218-LHK
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS